UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DONALD JOSEPH STELLY** | **CIVIL ACTION NO. 07-1598** |
| **VS.** | **JUDGE MELANÇON** |
| **CECIL BRENT COREIL, ET AL.** | **MAGISTRATE JUDGE HILL** |

REPORT AND RECOMMENDATION

Before the court is a civil rights complaint filed *in forma pauperis* by *pro se* plaintiff Donald Joseph Stelly on September 24, 2007 pursuant to 42 U.S.C. §1983. Plaintiff is incarcerated at the Louisiana State Penitentiary where he is serving a life sentence imposed following his 1993 convictions for second degree kidnaping and aggravated rape entered in the Thirteenth Judicial District Court for Evangeline Parish, Louisiana. Plaintiff names the following defendants: Evangeline Parish District Attorney Cecil Brent Coreil, Assistant District Attorney Richard Vidrine, Thirteenth Judicial District Court Judge Preston Aucoin, Louisiana Third Circuit Court of Appeals Judges Jimmie Peters, Ned E. Doucet, Jr. and Lucien Bertrand, and criminal defense attorney Edward Lopez. Plaintiff complains that the defendants deprived him of his constitutional rights during his criminal prosecution, criminal trial, direct criminal appeal and collateral attack on his convictions. He prays for injunctive relief and monetary damages.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## BACKGROUND

On October 15, 1993, plaintiff was convicted of aggravated rape and second degree kidnaping following trial by jury in the Thirteenth Judicial District Court. Judge Aucoin presided over plaintiff's criminal trial. District Attorney Coreil and his Assistant, Mr. Vidrine, prosecuted the case. Plaintiff was represented by criminal defense counsel Mr. Lopez.

Plaintiff appealed his convictions to the Louisiana Third Circuit Court of Appeals arguing, among other things, that the trial court erred in denying his motion to quash the indictment based upon the expiration of the period of limitations for bringing a felony defendant to trial. On November 2, 1994, a three judge panel of the Third Circuit Court of Appeals (Judges Peters, Doucet, and Bertrand) affirmed plaintiff's conviction. With respect to petitioner's speedy trial argument, the court rejected that claim as follows:

> In his first assignment of error, defendant alleges the trial court erred in denying his motion to quash the indictment based upon the expiration of the time limit for bringing a felony defendant to trial. The limit for bringing a non capital felony defendant to trial is set forth in La.C.Cr.P. Art. 578(2) as two years from the date of institution of the prosecution. Suspension of this time limitation is provided for in La.C.Cr.P. Art. 580: When a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by Article 578 shall be suspended until the ruling of the court thereon; but in no case shall the state have less than one year after the ruling to commence the trial.
>
> In the case of *State v. Rome*, 93-1221 (La. 1/14/94), 630 So.2d 1284, the Louisiana Supreme Court stated that when a defendant brings a motion to quash based on prescription, the State bears a heavy burden to demonstrate either an interruption or suspension of the time limit so that prescription will not have run. In the present case, more than two years elapsed between

the institution of the prosecution by indictment on March 25, 1991, and the trial which began on October 12, 1993. The defendant filed a motion to quash the indictment prior to trial which was heard and denied on October 8, 1993.

The State contends and the trial judge held that the two year prescriptive period was suspended in this case pending a hearing on discovery ordered by the appellate court pursuant to defendant's writ application. On January 9, 1992, we issued the following order:

> This application is remanded to the trial court for the holding of an evidentiary hearing to determine if relator has been provided with the evidence so that he may complete his own independent genetic testing. If relator has been provided with this evidence then the state does not have to answer relator's motion for discovery. *State v. Martinez*, 432 So.2d 1201 (La.App. 4 Cir.1983), writ denied, 435 So.2d 439 (La.1983). If the state has not provided the relator with this evidence, the state must answer relator's motion for discovery in accordance with La.C.Cr.P. Art. 719. See, *State v. Burgess*, 482 So.2d 651 (La.App. 4 Cir.1985).
>
> Accordingly, the case is remanded to the trial court for further proceedings consistent with the views expressed herein.

Subsequent to the issuance of this order the State moved to have the trial date reset several times, and the evidentiary hearing ordered by this court did not take place until July 30, 1993. Defendant argues that because no stay was ever requested or issued by the appellate court pending its remand for the discovery hearing, the prescriptive period provided for in Article 580 continued to run. In denying defendant's motion to quash, the trial court held that defendant's pre-trial motion for discovery was unresolved until the evidentiary hearing and ruling on July 30, 1993. Therefore, the prescriptive period was suspended up to that time.

We find no error in the determination made by the trial judge. The facts presented herein fit within the statutory language of La.C.Cr.P. Art. 580, as the trial court did not rule on defendant's remanded discovery motion until July of 1993. The motion, initially granted then vacated, was still pending for purposes of Article 580 from the time this court ordered an evidentiary hearing on the matter in January of 1992.

> While it is true that the *Rome* case, and the recent case of *State v. Joseph*, 93-2734 (La. 6/3/94), 637 So.2d 1032, place a high burden on the State to demonstrate that the time limit for bringing a defendant to trial has been suspended or interrupted, it is clear that in this case, the State met its burden of proof. We find the facts of the present case distinguishable from *Rome* and *Joseph* in that those cases involved delays which resulted from the procedures employed by the State, whereas the delays in this case resulted from a pending discovery motion, exactly the type of delay governed by Article 580. For this reason, we affirm the trial court's denial of defendant's motion to quash the indictment.

*State of Louisiana v. Donald Stelly*, 94-306 (La. App. 3 Cir. 11/2/94), 645 So.2d 804, 806-07.  The Louisiana Supreme Court denied discretionary review on April 28, 1995. *State v. Stelly*, 653 So.2d 589 (La. 1995).

On September 9, 1999, plaintiff filed a petition for federal writ of *habeas corpus*, arguing eighteen claims for relief, including a claim that the alleged untimely commencement of trial violated petitioner's right to due process. *See Donald J. Stelly v. Warden Burl Cain*, No. 6:99-cv-1650 (W.D.La. 1999). On June 1, 2000, United States Magistrate Judge Pamela A. Tynes authored a Report recommending dismissal of the entire petition. Magistrate Judge Tynes expressly found that petitioner's speedy trial claim was without merit. *Id*. [rec. doc. 15, p. 47-51].  On August 9, 2000, United States District Judge Richard T. Haik, Sr. adopted Magistrate Judge Tynes' recommendation and dismissed all of petitioner's claims with prejudice. *Id*. [ rec. doc. 17].   Both Judge Haik and the United States Fifth Circuit Court of Appeals denied plaintiff's requests for a COA. *Id.* [rec. doc. 21 and 22], *Donald J. Stelly v. Burl Cain, Warden*, No. 00-31016 (5th Cir. 1/18/2001).  Stelly's petition for *certiorari* was denied by the United States Supreme

Court on June 18, 2001.  *Id.* [rec. doc. 23], *Stelly v. Cain*, 533 U.S. 919, 121 S.Ct. 2527, 150 L.Ed.2d 698 (2001).

Plaintiff filed the instant complaint on September 24, 2007.  Plaintiff generally complains that the defendants deprived him of his rights to a fair tribunal, due process, equal protection, and fundamental fairness by engaging in a conspiracy to misrepresent material facts and falsify statements during the course of his criminal prosecution, criminal trial, direct criminal appeal and collateral attack on his convictions.

More specifically, with respect to District Attorney Coreil and Assistant District Attorney Vidrine, plaintiff claims that on October 8, 1993 during a hearing on plaintiff's Motion to Quash his indictment based on the alleged expiration of the Louisiana statute of limitations in which to bring a felony defendant to trial, the "District Attorney's Office of Brent Coreil committed perjury, fraud, deceit, misrepresentation" apparently by arguing the State's position as to the time the prescriptive period was suspended as a result of the pendency of the defendant's discovery motion.  He also claims that Vidrine "filed a fraudulent appellee brief on September 27, 1991" in connection with petitioner's discovery motion on which petitioner sought writs in the Louisiana Third Circuit Court of Appeal.

Petitioner asserts that Judge Aucoin "joined in" the conspiracy on October 8, 1993 by agreeing with the State that petitioner's criminal prosecution was timely and accordingly, denying his motion to quash.  Plaintiff complains that Judge Aucoin's ruling

5

was contrary to "the evidence and laws" that "supported that prescription had prescribed to bring Stelly to trial ...."  He further complains that Judge Aucoin erroneously denied him the right to re-litigate his speedy trial claim on July 10, 1998 during a hearing on petitioner's post-conviction application.

Plaintiff claims that his defense attorney, Edward J. Lopez "joined in the chain conspiracy by invoking politics which made Judge Aucoin erroneously deny [plaintiff's] Motion to Quash ... on October 8, 1993 ..." He further claims that Lopez failed to object to Judge Aucoin's erroneous ruling, failed to seek writs in the Third Circuit and failed to seek a stay of the proceedings, all of which plaintiff apparently asserts constitutes legal malpractice.  Plaintiff also claims that Lopez committed perjury during his testimony at the July 10, 1993 hearing on plaintiff's application for post-conviction relief.

Plaintiff claims that  Judges Peters, Doucet and Bertrand, the Third Circuit appellate judges who heard plaintiff's direct criminal appeal, joined in the conspiracy against him by affirming plaintiff's convictions by decision dated November 2, 1994.  He further claims that Judge Peters "continue[d] his conspiracy and fraud ... when he issued ... rulings on March 20, 2007" when he denied a writ application filed by plaintiff in Third Circuit Court of Appeals.

## LAW AND ANALYSIS

*Frivolity Review*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. § 1983, the court is obliged to evaluate the complaint and dismiss it without service of process if it is frivolous, fails to state a claim for which relief might be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

Plaintiff has filed a complaint which sets forth a specific legal theory and which provides a sufficiently detailed recitation of the facts relied upon in support of his claims for relief. Plaintiff need not be afforded an opportunity for further amendment.

**I. Judicial Immunity**

Judges enjoy absolute judicial immunity from liability arising out of performance of their judicial duties[1], regardless of bad faith. *Mireles v. Waco,* 502 U.S. 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages. *Mireles*, 502 U.S. at 11. A plaintiff's "[d]isagreement with the action taken by a judge ... does not justify depriving that judge of his immunity, nor does the fact that tragic

---

[1] Acts are judicial in nature if they are (1) normal judicial functions, (2) that occurred in the judge's court or chambers and were (3) centered around a case pending before a judge. *Mireles, supra; Brewer v. Blackwell*, 692 F.2d 387, 396-397 (5th Cir. 1982).

7

consequences ensue from the judge's action deprive him of his absolute immunity." *Stump*, 435 U.S. at 356-57. "A judge will not be deprived of immunity because he was in error, took action maliciously or was in excess of his authority; rather he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Brandley v. Keeshan*, 64 F.3d 196, 200 (5th Cir. 1995); *Young v. Biggers*, 938 F.2d 565, 569 n. 5 (5th Cir. 1991). With respect to jurisdiction, the issue "is whether at the time [the judge] took the challenged action he had jurisdiction over the subject matter before him." *Stump*, 435 U.S. at 356-57, 98 S.Ct. at 1105.

Judge Aucion presided over plaintiff's criminal trial and in that capacity decided all criminal motions filed in plaintiff's case of which plaintiff now complains. Accordingly, plaintiff's claims against Judge Aucoin clearly arise out of the performance of his judicial duties. Moreover, as a Louisiana District Court Judge, Judge Aucion had original subject matter jurisdiction to hear all state criminal and civil matters. La. Const. Art. 5 §16. In denying plaintiff's Motion to Quash, Judge Aucoin was exercising the authority vested in him by the Constitution and statutory law of the State of Louisiana on a case pending before him in the court of general jurisdiction to which he was elected. Accordingly, it is clear that Judge Aucoin did not act "in the clear absence of all jurisdiction". Because plaintiff's claims against Judge Aucoin are directed at actions undertaken in the performance of his judicial duties, plaintiff's claims are barred by the doctrine of absolute judicial immunity.

Similarly, Judges Peters, Doucet and Bertrand presided over plaintiff's direct criminal appeal and in that capacity rejected all of petitioner's claims, including his speedy trial claim, and affirmed plaintiff's convictions.  Likewise, Judge Peters presided over plaintiff's complained of writ application.  Accordingly, plaintiff's claims against Judges Peters, Doucet and Bertrand clearly arise out of the performance of their judicial duties.  Moreover, as a Louisiana Appellate Court Judges, Judges Bertrand[2], Doucet and Peters had appellate and supervisory jurisdiction to hear all criminal cases which arise within their circuit. La.  Const.  Art.  5 §10.  In affirming plaintiff's convictions on direct appeal and denying plaintiff's request for supervisory jurisdiction via writ application, Judges Peters, Doucet and Bertrand were exercising the authority vested in them by the Constitution and statutory law of the State of Louisiana on cases pending before them in the appellate court to which they were elected.[3]  Accordingly, it is clear that Judges Peters, Doucet and Bertrand did not act "in the clear absence of all jurisdiction".  Because plaintiff's claims against Judges Peters, Doucet and Bertrand are directed at actions undertaken in the performance of their judicial duties, plaintiff's claims are barred by the doctrine of absolute judicial immunity.

---

[2]Judge Bertrand was appointed by the Louisiana Supreme Court as Judge *Pro Tempore*.

[3]*See* fn. 2, *supra.*

**2. Prosecutorial Immunity**

Criminal prosecutors enjoy absolute immunity from claims asserted under section 1983 for actions taken in "the initiation and pursuit of a criminal prosecution, including presentation of the state's case ...." *Buckley v. Fitzsimmons*, 509 U.S. 259, 269, 113 S.Ct. 2606, 2613, 125 L.Ed.2d 209 (1993); *Esteves v. Brock,* 106 F.3d 674, 677 (5th Cir. 1997); *Graves v. Hampton*, 1 F.3d. 315, 317 (5th Cir. 1993), abrogated on other grounds by *Arvie v. Broussard*, 42 F.3d 249 (5th Cir. 1994); See also *Kalina v. Fletcher*, 522 U.S. 118, 118 S.Ct. 502, 508-09 (1997); *Spivey v. Robertson*, 197 F.3d 772, 775 (5th Cir. 1999). As the Supreme Court held, "acts undertaken by the prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley*, 509 U.S. at 272, 113 S.Ct. at 2615. Accordingly, actions associated with the judicial phase of the criminal process, including "actions preliminary to the initiation of a prosecution and actions apart from the courtroom ..." are entitled to absolute immunity. *Id.* 509 U.S. at 271-272, 113 S.Ct. at 2614-2615. Thus, the Fifth Circuit has held that "[p]rosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process." *Graves,* 1 F.3d at 318; *Booker v. Koonce*, 2 F.3d 114, 116 (5th Cir. 1993). Moreover, absolute immunity shields prosecutors even when they act maliciously, wantonly, or negligently. *Brummett v. Camble*, 946 F.2d 1178, 1181 (5th Cir. 1991) citing *Rykers v. Alford*, 832 F.2d 895 (5th

Cir. 1987). This is so because a prosecutor should not be distracted by threat of subsequent, time consuming and duplicative civil rights actions when performing duties of his office. *Imbler*, 424 U.S. at 424-426, 96 S.Ct. at 992-93; *Brummett*, 946 F.2d at 1181.

Because plaintiff's claims against District Attorney Coreil and Assistant District Attorney Vidrine are directed at actions taken by them in pursuit of a criminal prosecution as advocates for the State of Louisiana, plaintiff's claims against Coreil and Vidrine are barred.

**3. State Actors – Defendant Lopez**

To prevail on a civil rights claim an inmate must prove that he was deprived, under color of law, of rights, privileges, or immunities secured by the United States Constitution and laws. 42 U.S.C. § 1983; *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir.1995). Under the "color of law" requirement, the defendants in a § 1983 action must have committed the complained-of acts in the course of their performance of duties and have misused power that they possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. *United States v. Classic*, 313 U.S. 299, 325 (1941); *Screws v. United States*, 325 U.S. 91, 110 (1944)(plurality opinion). Private attorneys, including public defenders, are not state actors within the meaning of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 321-22 (1981); *Marts v. Hines*, 68 F.3d 134, 136 (5th Cir. 1995); *Mills v. Criminal District #3*, 837 F.2d 677 (5th Cir.

1988); *Nelson v. Stratton*, 469 F.2d 1155 (5th Cir. 1972), *cert. denied* 410 U.S. 957, 93 S.Ct. 1432, 35 L.Ed. 2d 691 (1973). Thus, they are generally not subject to suit under Section 1983.

Plaintiff alleges that his attorney violated his civil rights by failing to properly assist him as counsel. His allegations of constitutional violations clearly arise out of counsel's representation of him in a pending criminal prosecution. Plaintiff has failed to show that his attorney, Mr. Lopez, was a state actor or that Lopez was acting under color of law at the time he allegedly violated plaintiff's rights. Further, there is no factual basis to support plaintiff's claim of a conspiracy between Lopez, the judges and prosecutors to support a claim of state action. *See Mills,* and *Marts supra.*; *See also  Babb v. Dorman,* 33 F.3d 472, 476 (5th Cir. 1994) *citing  Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987) (finding that bald, conclusory allegations that a conspiracy exists are insufficient to state a conspiracy claim); *Young v. Biggers*, 938  F.2d 565, 569 (5th Cir. 1991);  *Marts*, 68 F.3d at 136 (same); *Rodriguez v. Neeley*, 169 F.3d 220, 222 (5th Cir. 1999) citing *McAfee, supra*. Plaintiff's civil rights claims against his defense attorney should therefore be dismissed as failing to state a claim upon which relief may be granted.

## 4. *Heck v. Humphrey*

Plaintiff seeks monetary damages from the defendants in connection with his allegedly unconstitutional state criminal proceeding. It is well established that to recover damages for an allegedly "unconstitutional conviction or imprisonment, or for other harm

12

caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of *habeas corpus* [under] 28 U.S.C. § 2254 ." Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. *Id.* If judgment in favor of a civil rights plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff demonstrates that the conviction or sentence has already been invalidated. *Id.*

The *Heck* rule applies to claims for declaratory and injunctive relief if a favorable judgment would "necessarily imply" the invalidity of the prisoner's "conviction" in the criminal proceeding. *Edwards,* 117 S.Ct. at 1588-89; *See also Wilkinson v. Dotson*, 544 U.S. 74, 81-82, 125 S.Ct. 1242, 1248 (2005) (noting that *Heck* and *Balisok* "taken together, indicate that a state prisoner's § 1983 action is barred ((absent prior invalidation))-no matter the relief sought ((damages or equitable relief)), no matter the target of the prisoner's suit ((state conduct leading to conviction or internal prison proceedings))- if success in that action would necessarily demonstrate the invalidity of

13

confinement or its duration."); *Clarke v. Stalder,* 154 F.3d 186, 190-191 (5th Cir 1998).[4]

Plaintiff's claims would, if true, necessarily implicate the validity of his state court criminal proceeding and the sentence imposed therein. Plaintiff does not allege, nor does the published jurisprudence of the State of Louisiana establish, that plaintiff's criminal convictions, or the sentence imposed, has been set aside. To the contrary, the published jurisprudence as well as this court's records demonstrate the opposite. Plaintiff's convictions and sentences have been consistently upheld in both the Louisiana state and federal courts, and hence, remain valid. Accordingly, plaintiff's claims, directed at the validity of plaintiff's criminal proceeding, are barred by *Heck;* they are not cognizable under 42 U.S.C. § 1983 at this time. These claims must be dismissed with prejudice for failure to state a cognizable claim. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir.1996) (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met").

---

[4]The *Edwards* plaintiff sought a declaration of the unconstitutionality of the procedures used to deprive him of good time credits based on deceit and bias on the part of the decision makers and the *Clarke* plaintiff requested a declaration of the unconstitutionality of the rule under which he was convicted, relief which directly impacted each prisoner's conviction. Similarly, in this case, plaintiff seeks injunctive relief, presumably an order directing a criminal prosecution of the defendants for their alleged unconstitutional actions during the proceeding in which petitioner was convicted, relief which will have a direct impact on the validity of plaintiff's convictions. Plaintiff, in effect, challenges the validity of his state court convictions and sentence based on the allegedly unconstitutional procedures used to convict him. Thus, the reasoning of the Supreme Court in *Edwards* and the Fifth Circuit in *Clarke* is applicable in this matter as the situation presented is analogous to the situation presented in those cases.

**4. *Habeas Corpus* Relief**

Moreover, to the extent that plaintiff's allegations may be construed as challenges to the fact or duration of his physical confinement, dismissal of this action would nevertheless be appropriate.[5] Challenges to the fact or duration of his physical confinement must be pursued in federal court through application for writ of *habeas corpus*. *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Serio v. Members of the La. State Board of Pardons,* 821 F.2d 1112, 1117 (5th Cir. 1987). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of *habeas corpus*." *Muhammad v. Close,* 540 U.S. 749, 750, 124 S.Ct. 1303, 1304 (2004). Thus, to the extent the instant action may be construed as seeking *habeas corpus* relief, dismissal is appropriate. Petitioner has already petitioned this court for federal *habeas corpus* relief and his claims were rejected not only by this court, but also by the United States Fifth Circuit Court of Appeal and the United States Supreme Court. Before this court could consider any of petitioner's claims, he would have to seek and obtain authorization of the United States Fifth Circuit Court of Appeal. *See* 28 U.S.C. § 2244(b)(3)(A) (providing, "[b]efore a second or successive application permitted by this section [§ 2254] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Until such time as petitioner obtains said authorization, this court is without jurisdiction

---

[5]Plaintiff asserts that he has a constitutional right "not to be continued in custody" and "not to continually be deprived his life, liberty and property, pursuant to a conspiracy to deny his rights ...." rec. doc. 1-3, at pg. 11.

to proceed. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir.1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir.2000); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** subject to reassertion if the requirements of *Heck v. Humphrey* are met.

**IT IS FURTHER RECOMMENDED** that plaintiff's claims against Judges Aucoin, Peters, Doucet and Bertrand be **DISMISSED WITH PREJUDICE** pursuant to the provisions of 28 U.S.C. §§1915(e)(2)(B)(iii) and 1915A(b)(2) on grounds that these Judges enjoy judicial immunity from suit.

**IT IS FURTHER RECOMMENDED** that plaintiff's claims against District Attorney Coreil and Assistant District Attorney Vidrine be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2) on grounds that they enjoy prosecutorial immunity from suit.

**IT IS FURTHER RECOMMENDED** that plaintiff's claims against criminal defense attorney Lopez be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§1915(e)(2)(B)(ii) and 1915A(b)(1) because plaintiff has failed to state a claim upon which relief may be granted.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A

party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See *Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana on November 15, 2007.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE